# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTONIO DIXSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24 CV 31 RWS |
| | ) |
| LT. ANDREW JOHNSON, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Antonio Dixson's Motion to Proceed in Forma Pauperis. (ECF No. 2). Based on the financial information submitted in support, the Court will grant the motion and waive the $5.00 filing fee. Nevertheless, the Court will dismiss this action for the reasons discussed below.

**Background**

Petitioner is a federal pretrial detainee at the Ste. Genevieve County Jail. He is charged with the following: (1) possession with intent to distribute controlled substances, (2) possession of a firearm in furtherance of a drug trafficking crime, (3) felon in possession of a firearm, (4) possession with intent to distribute controlled substances, (5) possession of a firearm in furtherance of a drug trafficking crime, (6) felon in possession of a firearm, and (7) possession of a defaced firearm. *See United States v. Dixson*, No. 4:21-cr-54-AGF (E.D. Mo. 2021). As of the date of this Order, trial is set to begin on October 28, 2024.

Petitioner filed the instant action on February 21, 2024. He challenges the validity of his pretrial detention under 28 U.S.C. § 2241 on the following grounds: (1) the government "fails to charge an offense against the laws of the United States because no jurisdiction has been ceded or

accepted over the place where the criminal activity is alleged to have occurred," (2) "Amendment Ten," (3) "Amendment Ten and Five," and (4) "subject matter jurisdiction." Plaintiff's main contention appears to be that the Court lacks jurisdiction over the criminal proceeding because there is no "documentation showing ownership by the Federal Government over the place where the alleged criminal activity in the complaint/indictment occurred[.]"

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that a petitioner is not entitled to relief. Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief under § 2241.

Where a habeas claim raised by a pretrial detainee would dispose of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court. *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994). It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial") (citations omitted); *see also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995) (holding that the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case).

2

There is no indication that Petitioner has raised these issues in his criminal proceeding. Petitioner cannot demonstrate that he has exhausted the remedies available to him in his pending criminal matter. Thus, relief under § 2241 is unavailable to him. Allowing Petitioner's claim to proceed would encourage "judge shopping," cause needless duplication of resources, and otherwise directly interfere with the trial judge's control over Petitioner's pending criminal case. For these reasons, the Court will dismiss the Petition without further proceedings. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

RODNEY W. SIPPEL  
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June 2024.

3